UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X
GUADALUPE SANCHEZ,

                Plaintiff,                CASE NO: 07 CV 4131

                                            AMENDED COMPLAINT

     -against-                        PLAINTIFF DEMANDS
                                            TRIAL BY JURY

PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
PORT AUTHORITY OFFICER MATTHEW WESTFIELD,

                Defendants,
―――――――――――――――――――――――――――X

        PLAINTIFF GUADALUPE SANCHEZ, by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which GUADALUPE SANCHEZ (hereinafter "SANCHEZ") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. On or about January 10, 2007, at approximately 10:30 PM, SANCHEZ was falsely arrested by Port Authority Police Officer Matthew Westfield (hereinafter "WESTFIELD"). All charges against SANCHEZ were eventually dismissed. As a result of the incident, SANCHEZ suffered loss of earnings, loss of enjoyment of life, mental anguish, shame, humiliation, indignity, and damage to reputation, economic damages, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the Untied States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. SANCHEZ resides at 949 Candlewood Rd. Apartment A, Brentwood, NY 11717.

4. Defendant PORT AUTHORITY OF NEW YORK & NEW JERSEY (hereinafter "PORT AUTHORITY") is a public agency pursuant to the laws of the State of New York, which operates the NEW YORK PORT AUTHORITY Police Department (hereinafter "PAPD"), and as such is the public employer of the Defendant officer herein.

5. Defendant WESTFIELD (hereinafter "WESTFIELD"), and at all relevant times hereto, acted in the capacity of an agent, servant, and/or employee of Defendant PORT AUTHORITY and within the scope of his employment. At all relevant times hereto, WESTFIELD acted under the color of state and local law. WESTFIELD is being sued in his individual and official capacities.

## IV. FACTS

6. On January 11, 2007, at approximately 10:30 PM SANCHEZ arrived by plane in JFK Airport Terminal 4, which is operated and overseen by PORT AUTHORITY

in Queens County, New York.

7. SANCHEZ, after presenting his passport, was detained. SANCHEZ was detained by WESTFIELD and the PAPD. Following an investigation, WESTFIELD determined that SANCHEZ was in fact George Gonzalez with an outstanding warrant stemming from Essex County, New Jersey. WESTFIELD asked SANCHEZ if he was George Gonzalez. SANCHEZ said "no." SANCHEZ told WESTFIELD that he had previously been arrested for Mr. Gonzalez's warrant and it was determined not to be his. WESTFILED ignored SANCHEZ's claims of innocence.

8. SANCHEZ was thereafter detained for ten (10) days prior to being released from custody. During the course of this detention, WESTFIELD signed a complaint indicating that SANCHEZ was in fact Gonzalez.

9. SANCHEZ was released without any criminal charges or having to answer to the warrant in Essex County, New Jersey. During the course of the arrest and while SANCHEZ was in custody, he sustained injuries to his wrist by reason of tight hand cuffs. SANCHEZ is not and has never been known by the name George Gonzalez.

## V. FIRST CAUSE OF ACTION
**Pursuant to § 1983 (FALSE ARREST)**

10. Paragraphs 1 through 9 are hereby realleged and incorporated by reference herein.

11. That Defendants had neither valid evidence for the arrest of SANCHEZ nor legal

cause or excuse to seize and detain him.

12. That in detaining SANCHEZ for approximately ten days and without a fair and reliable determination of probable cause, defendants abused their power and authority as a policymaker of the PAPD under the color of State and/or local law.

13. Defendants intended to confine SANCHEZ.

14. That SANCHEZ was conscious of the confinement and did not consent to the confinement.

15. That the confinement was not otherwise privileged.

16. That Defendant PORT AUTHORITY and WESTFIELD had no legal cause nor excuse to detain SANCHEZ for a period of 10 days.

17. That Defendant PORT AUTHORITY and WESTFIELD subjected SANCHEZ to an excessive detention in violation of SANCHEZ's civil rights.

18. That Defendant PORT AUTHORITY and WESTFIELD should have expeditiously investigated this matter and released SANCHEZ immediately.

19.. By reason of defendant WESTFIELD acts and omissions, defendant acting under the color of state law and within the scope of their authority, in gross and wanton disregard of SANCHEZ's rights, deprived SANCHEZ of his liberty when they subjected SANCHEZ to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

20. That in so acting, defendants abused their power and authority as officers of the PAPD under the color of State and /or local law.

21. That upon information and belief, defendant PORT AUTHORITY had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, SANCHEZ was arrested despite the fact that he had not violated any law or committed any crime.

22. That upon information and belief it was the policy and/or custom of defendant PORT AUTHORITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

23. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant PORT AUTHORITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant PORT AUTHORITY to the constitutional rights of arrestees and were the cause of the violations of SANCHEZ's rights alleged herein.

25. That by reason of the foregoing, SANCHEZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and