indignity. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

26. Paragraphs 1 through 25 are hereby realleged and incorporated by reference herein.

27. That the seizure, detention and imprisonment of SANCHEZ was unlawful in that defendant had no probable cause to detain, arrest and/or imprison SANCHEZ.

28. That defendants intended to confine SANCHEZ.

29. That SANCHEZ was conscious of the confinement and did not consent to the confinement.

30. That the confinement was not otherwise privileged.

31. By reason of defendants' acts and/or omissions, Defendants, acting in gross and wanton disregard of SANCHEZ' rights, deprived SANCHEZ of his liberty when they subjected SANCHEZ to an unlawful, illegal and excessive detention, in violation of State law.

32. That by reason of the foregoing, SANCHEZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent

## VII. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

33. Paragraphs 1 through 32 are hereby realleged and incorporated by reference

herein.

34. That defendants PORT AUTHORITY and WESTFIELD with malicious intent, arrested SANCHEZ and initiated a criminal proceeding despite the knowledge that SANCHEZ had committed no crime.

35. That the criminal matter against SANCHEZ was terminated in his favor and the court dismissed all charges against him.

36. That there was no probable cause for the arrest and criminal proceeding.

37. That by reason of defendants' acts and omissions, defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of SANCHEZ's rights, deprived SANCHEZ of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

38. That upon information and belief, defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, SANCHEZ was maliciously prosecuted despite the fact that he had committed no violation of the law.

39. That upon information and belief it was the policy and /or custom of defendant PORT AUTHORITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage

further constitutional violations on the part of their officers, staff, agents, and

employees.

40. That as a result of the above described policies and customs, defendant PORT AUTHORITY, its staff, agents and employees of defendant PORT AUTHORITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant PORT AUTHORITY to the constitutional rights of arrestees and were the cause of the violations of SANCHEZ's rights alleged herein.

42. That in so acting, Defendant PORT AUTHORITY abused its power and authority as policymaker of the PAPD under the color of State and/or local law.

43. That upon information and belief, in 2007, PORT AUTHORITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

44. That after SANCHEZ spent ten approximately (10) days in prison, he was released of his own recognizance.

45. That by reason of the foregoing, SANCHEZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent

## VIII. THIRD CAUSE OF ACTION
**Pursuant to State Law (MALICIOUS PROSECUTION)**

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That defendants acted with malicious intent, arrested SANCHEZ and initiated a criminal proceeding despite the knowledge that SANCHEZ had committed no crime.

48. That the criminal matter was dismissed in SANCHEZ's favor.

49. That there was no probable cause for the arrest and criminal proceeding.

50. Defendants knew or should have known that there was no likelihood of a conviction of SANCHEZ.

51. That by reason of defendants acts and omissions, defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of SANCHEZ's rights, deprived SANCHEZ of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

52. That by reason of the foregoing, SANCHEZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent

### IX. FOURTH CAUSE OF ACTION
**Pursuant to State Law (RESPONDEAT SUPERIOR)**

53. Paragraphs 1 through 52 are hereby realleged and incorporated by reference herein.

54. That defendant WESTFIELD was acting in furtherance of the duties owed to his employer, Defendant PORT AUTHORITY.

55. That at all times Defendant WESTFIELD acted within the scope of his employment.

56. That Defendant PORT AUTHORITY was able to exercise control over Defendant WESTFIELDs' activities.

57. That Defendant PORT AUTHORITY is liable for Defendant WESTFEILD's actions under the doctrine of respondeat superior.

58. That by reason of the foregoing, SANCHEZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent

WHEREFORE, SANCHEZ respectfully requests that judgment be entered:

1. Awarding SANCHEZ compensatory damages in a full and fair sum to be determined by a jury; and

2. Awarding SANCHEZ punitive damages in an amount to be determined by a jury; and

3. Awarding SANCHEZ interest from the date of the incident; and

4. Awarding SANCHEZ reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED:      Brooklyn, New York
            August 3, 2007

                                             LAW OFFICE OF DAVID A. ZELMAN

                                             _____
                                             By: **David A. Zelman, Esq.(dz 8578)**
                                             612 Eastern Parkway
                                             Brooklyn, New York 11225
                                             (718) 604-3072

11