UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GUADALUPE SANCHEZ,

                        Plaintiff,

       – against –

PORT AUTHORITY OF NEW YORK AND
NEW JERSEY AND P.O. WESTFIELD,

                   Defendants.

-------------------------------------------------------------------X

*Index No.: 07 CV 4131*
*(Judge Crotty)*

**DEFENDANTS' ANSWER**

**JURY TRIAL DEMANDED**

Defendants, The Port Authority of New York and New Jersey (the "Port Authority") and

Police Officer Westfield, by their Attorney of Record, Milton H. Pachter, as and for their Answer

to the Complaint in the above-entitled action dated August 6, 2007 allege upon information and

believe as follows:

## I.  PRELIMINARY STATEMENT

1.  Deny the allegations set forth in paragraph "1" of the complaint.

## II.  JURISDICTION

2.  Neither admit nor deny the allegations set forth in paragraph "2" of the amended

complaint, inasmuch as said paragraph states conclusions of law rather than allegations of fact

and respectfully refer all questions of law to the Court for determination.

## III.  PARTIES

3.  Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "3" of the complaint.

4.  Deny each and every allegation set forth in paragraph "4" of the complaint except

admits that the Port Authority is a body corporate and politic created by Compact between the

states of New York and New Jersey with the consent of the Congress of the United States, does

business in the states of New York and New Jersey, and employs individuals as police officers.

5. Deny each and every allegation set forth in paragraph "5" of the complaint in the

form alleged, except admits that the Port Authority employs individuals as police officers.

## IV. FACTS

6. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "9" of the complaint.

## V. FIRST CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

10. With respect to paragraph "10" of the complaint, the Defendants repeat, reiterate and

reallege the responses set forth in paragraphs "1" through "9" of their answer as if more fully set

forth at length herein.

11 Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

## VI.  FIRST CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

26. With respect to paragraph "26" of the complaint, the Defendants repeat, reiterate and reallege the responses set forth in paragraphs "1" through "26" of their answer as if more fully set forth at length herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint..

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

## VII.  SECOND CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

33. With respect to paragraph "33" of the complaint, the Defendants repeat, reiterate and reallege the responses set forth in paragraphs "1" through "32" of their answer as if more fully set forth at length herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

## VIII.  THIRD CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

46. With respect to paragraph "46" of the complaint, the Defendants repeat, reiterate and reallege the responses set forth in paragraphs "1" through "45" of their answer as if more fully set forth at length herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

## IX.  FOURTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

53. With respect to paragraph "53" of the complaint, the Defendants repeat, reiterate and reallege the responses set forth in paragraphs "1" through "52" of their answer as if more fully set forth at length herein.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

59. The Port Authority cannot be held liable on the theory of *respondent superior* for violation of rights protected under 42 U.S.C. §1983.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred since there was probable cause for Plaintiff's detention by a duly authorized officer of the law.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61. The Complaint fails to state a claim as to which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62. Exemplary damages cannot be assessed against the Port Authority.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63. That if Plaintiff did not comply with the conditions precedent to bringing suit against the Port Authority, Plaintiff's claims are barred by the applicable statute of limitation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64. The conduct of the Port Authority employees, to the extent that it occurred as alleged, was undertaken in the good faith performance of their duties as police officers, and was objectively reasonable under the circumstances, and as such it is privileged.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65. The Port Authority acted at all times reasonably and in accordance with the duties and obligations imposed by law to enforce the New York State Criminal and New York State Penal Laws.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66. The Port Authority has complied with all applicable state and federal laws.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

67. If any injury or damage was sustained by Plaintiff, such injuries or damages were caused by Plaintiff's own culpable conduct.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68. That if Plaintiff did not timely commence this action, then certain claims may be barred by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

69. That the actions of the Port Authority employees were necessary and reasonable and that the use of any force was justified, necessary and reasonable under the circumstances as they existed during the arrest and detention of plaintiff.

6

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

70. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## JURY DEMANDED

71. The Defendants demand a trial by jury.

**WHEREFORE**, the Defendants, demand judgment dismissing the Complaint herein, together with attorney's fees, costs and disbursements incurred by the Port Authority and for such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
           August 27, 2007

Respectfully yours,

MILTON H. PACHTER, ESQ.
*Attorney for Defendants*

BY:    _____
        Scott Occhiogrosso
        225 Park Avenue South – 13th Floor
        New York, New York 10003
        Telephone No.: (212) 435-3483

TO:    David A. Zelman, Esq. (DZ-8578)
        Law Office of David A. Zelman
        *Attorney for Plaintiff*
        612 Eastern Parkway
        Brooklyn, New York 11225
        Telephone No.: (718) 604-3072